**IN THE
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

Case No. 20-3105

M.A.C.

*Plaintiff-Appellant*

v.

MONICA GILDNER, ANGELA WEBB, AND TINA ABNEY,
in their individual capacities

*Defendants-Appellees*

Appeal from the United States District Court
for the District of Kansas
No. 2:20-cv-02226-HLT-KGG

The Honorable Holly L. Teeter, Judge Presiding

**BRIEF OF PLAINTIFF-APPELLANT
(ORAL ARGUMENT REQUESTED)**

REBECCA R. MESSALL
MESSALL LAW FIRM, LLC
7887 East Belleview Avenue, Suite 1100
Englewood, CO 80111
(303) 228-1685

*Counsel for Plaintiff-Appellant M.A.C.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF PRIOR AND RELATED CASES ..................... vii

GLOSSARY..................................................................... x

STATEMENT OF JURISDICTION UNDER FRAP 28(a)(4) ......... 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .............. 2

STATEMENT OF THE CASE.......................................... 2

SUMMARY OF THE ARGUMENT ................................. 5

ARGUMENT ................................................................ 7

      A.    In relying on a 1989 holding that the Federal
Rules make no provision for the use of initials,
the district court erred because the rules were
changed in 2007............................................................. 7

      B.    The district court erred in holding that, by implication,
a civil action is not commenced by filing a complaint
under Fed. R. Civ. P. 3. ................................................ 18

      *C.*    The district erred in determining it lacked *in
personam* jurisdiction because Plaintiff is described in
detail as a natural person with a *link* to the claims
and she voluntarily submitted herself to jurisdiction
through counsel................................................................ 22

      D.    The district court erred in denying Plaintiff her day
in court without notice where a statute of
limitations arguably terminates her right to adjudicate
the case on the merits...................................................... 28

CONCLUSION ............................................................... 32

i

STATEMENT REGARDING ORAL ARGUMENT ....................... 33

CERTIFICATE OF COMPLIANCE................................. 34

CERTIFICATE OF DIGITAL SUBMISSION ................................ 35

CERTIFICATE OF SERVICE ........................................ 36

ADDENDUM

    District Court Opinion

## TABLE OF AUTHORITIES

### <u>Cases</u>

*A.W. v. Tuscaloosa City Sch. Bd. of Educ.* ........................ 11
744 Fed. Appx. 668 (11th Cir. 2018)

*Baker v. Board of Regents* ................................ 30
991 F.2d 628 (10th Cir. 1993)

*Bankers Trust Co. v. Mallis* ................................ 1
435 U.S. 381 (1978)

*Bell v. Hood*........................................ 21
327 U.S. 678 (1946)

*Burnett v. Grattan* ........................................ 30
468 U.S. 42 (1984)

*Capers v. Nat'l R.R. Passenger Corp.* ................................ 10
673 Fed. Appx. 591 (8th Cir. 2016)

*Coe v. U.S. Dist. Ct.* ........................................ 25
676 F.2d 411 (10th Cir. 1982)

*Comacho v. Macuso* ........................................ 7
53 F.3d 48 (4th Cir. 1995)

*Constien v. United States* ................................................................ 1
628 F.3d 1207 (10th Cir. 2010)

*Cosgrove v. Kan. Dept. of Soc. & Rehab. Servs.* .............................. 30
162 Fed. Appx. 823 (10th Cir. 2006)

*Curley v. Perr* .................................................................................. 31
246 F.3d 1278 (10th Cir. 2001)

*Doe v. Barrow County, Ga.* .............................................................. 14
219 F.R.D. 189 (N.D. Ga. 2003)

*Doe v. Blue Cross & Blue Shield United of Wisc.* ............................. 25
112 F.3d 869 (7th Cir. 1997)

*Doe v. Stegall* .................................................................................. 23,24
653 F.2d 180 (5th Cir. 1981)

*Doe v. United States Dept. of Justice* ............................................... 23
93 F.R.D. 483 (D. Colo. 1982)

*Doe v. UNUM Life Ins. Co. of Am.* .................................................... 13
164 F. Supp. 3d 1140 (N.D. Calif., Feb. 22, 2016)

*Estate of Rodriquez v. Drummond Co.* ............................................. 12,14
256 F. Supp. 2d 1250 (N.D. Ala. 2003)

*E.W. v. New York Blood Ctr.* ............................................................ 15
213 F.R.D. 108 (E.D.N.Y. 2003)

*Fair v. Kohler Die & Specialty Co.* .................................................. 22
228 U.S. 22 (1913)

*Feldman Inv. Co. v. Connecticut General Life Ins.* ........................... 22
78 F.2d 838 (10th Cir. 1935)

*Fratus v. Deland* .............................................................................. 29
49 F.3d 673 (10th Cir. 1995)

*G.E.G. v. Shinseki* .............................................................. 13,14
2012 WL 381589 (W.D. Mich., Feb. 6, 2012)

*Gonzalez-Gonzalez v. United States* ................................... 27
257 F.3d 31 (1ˢᵗ Cir. 2001)

*Hall v. Belmon*............................................................... 28
935 F.2d 1106 (10ᵗʰ Cir. 1991)

*Howell by Goerdt v. Tribune Entertainment Co.*............................... 18
106 F.3d 215 (7ᵗʰ Cir. 1997)

*Jason D.W. v. Houston Indep. Sch. Dist.*........................................... 7
158 F.3d 205 (5ᵗʰ Cir. 1998)

*Johnson v. Johnson County Comm'n Bd.* .......................................... 30
925 F.2d 1299 (10ᵗʰ Cir. 1991)

*Joyce v. Joyce*...................................................................... 27
975 F.2d 379 (7ᵗʰ Cir. 1992)

*Kowalski v. Boliker* .......................................................... 30
893 F.3d 987 (7ᵗʰ Cir. 2018)

*L.E.H v. Kansas Dep't of Child'n and Fam.*...................................... 19,20
*2018 WL 1256513* (D. Kan. Mar. 12, 2018)

*M.M. v. Zavaras* ............................................................. 7
139 F.3d 798 (10ᵗʰ Cir. 1998)

*Moore v. Liberty Nat. Life Ins. Co.*..................................................... 30
267 F.3d 1209 (11ᵗʰ Cir. 2001)

*Morgan v City of Rawlins* ................................................ 7
792 F. 2d 975 (10th Cir. 1986)

*Muscogee (Creek) Nation v. Okla. Tax Comm'n,* ............................ 7
611 F.3d 1222 (10ᵗʰ Cir. 2010)

iv

*Nat'l Commodity & Barter Ass'n,. v. Gibbs*   8,9,10,13, 17,19,20,21,23
886 F.2d 1240 (10th Cir. 1989)

*Neitzke v. Williams* ........................................................................... 22,28
490 U.S. 319 (1989)

*Pond v. Braniff Airways, Inc.* ............................................................ 28,29
453 F.2d 347 (5th Cir. 1972)

*Ricketts v. Midwest Nat. Bank* ........................................................... 31
874 F.2d 1177 (7th Cir. 1989)

*Robinson v. Unknown Officers* .......................................................... 18
2007 WL 3072382 (M.D. Fla. 2007)

*Roe v. Aware Woman Ctr. for Choice, Inc.* ...................................... 15
253 F.3d 678 (11th Cir. 2001)

*Roe v. Borup* ...................................................................................... 26
500 F. Supp. 127 (E.D. Wis. 1980)

*Roe v. Minguela* ................................................................................ 25
16-cv-02744-MSK-KMT (D. Colo. Aug. 30, 2018)

*Ruhrgas AG v. Marathon Oil Co.* ...................................................... 22
526 U.S. 574 (1999)

*Santiago v. E.W. Bliss Co.* ................................................................. 8
973 N.E.2d 858 (Ill. 2012)

*Shirley v. Reif* .................................................................................... 30
920 P.2d 405 (Kan. 1996)

*Smilde v. Herman* .............................................................................. 27,28,31
201 F.3d 449 (10th Cir. 1999)

*Tuck v. United Servs. Auto. Assn'n,* .................................................. 21
859 F.2d 842 (10th Cir. 1988)

v

*United States ex rel. Little v. Triumph Gear Systems, Inc.* ................. 9,10
870 F.3d 1242 (10th Cir. 2017)

*Varnell v. Dora Consol. Sch. Dist.* ..................................... 29,30
756 F.3d 1208 (10th Cir. 2014)

*Weissenbach v. Tuscaloosa Cty. Sch. Sys.* ....................................... 12
2018 WL 9986741 (N.D. Ala., June 5, 2018)

*W.N.J. v. Yocom* ............................................................... 10,12,13,18
257 F.3d 1171 (10th Cir. 2001)

*Wood v. Holinka* .............................................................. 18
2005 WL 1331003 (D. Minn. 2005)

## <u>Rules of Procedure</u>

Fed. R. App. P. 3(c)(4) .............................................................. 8

Fed. R. App. P. 4(a)(7)(B) ......................................................... 1

Fed. R. App. P. 25(a)(5) ............................................................ 9

Fed. R. Civ. P. 3 ..................................................................... 2,18,19,21

Fed. R. Civ. P. 5.2 .................................................................. 16,17

Fed. R. Civ. P. 5.2(a)(3) (the "2007 Rule") ..........................6,7,8,9,10,25,26

Fed. R. Civ. P. 10(a) ................................................................ 11,13

Fed. R. Civ. P. 12(b)(6) ............................................................ 24,28

Fed. R. Civ. P. 12(h)(3) ............................................................ 4,20,21,24

Fed R. Civ. P. 15 .................................................................... 11

Fed. R. Civ. P. 17(a)(3) ............................................................ 12

Fed. R. Civ. P. 26(c) ................................................................ 26

Fed. R. Civ. P. 26(f) ............................................................... 26

Fed. R. Civ. P. 58(A) .............................................................. 1

Fed. R. Crim. P. 49.1 .............................................................. 16

10th Cir. R. 25.6 (B) ................................................................ 9

10th Cir. R. 46.5(B)(1) ............................................................ 29

Local Privacy Policy (rev'd 10/1/2018)………………..16,17,18,19,25,26

## Statutes

28 U.S.C. §1291 .................................................................... 1

28 U.S.C. §1331 .................................................................... 1

28 U.S.C. §1343 .................................................................... 1

28 U.S.C. §1652 .................................................................... 9

42 U.S.C. §1981 .................................................................... 30

42 U.S.C. §1982 .................................................................... 30

42 U.S.C. §1983 .................................................................... 1,5,21,24,29

42 U.S.C. §1988 .................................................................... 30

K.S.A. §38-2209 (CINC)……………………………..9,10,15,25,26,30

K.S.A. §60-513(a) ................................................................... 29,30

E. Government Act of 2002 .................................................... 8,10,18

## Other Authorities

Paul Marcus, Tara L. McMahon, Limiting Disclosure in
Rape Victims' Identities, 645 Cal. L. Rev 1020 (199) ...................... 25

Official Comments, Rule 5.2(a)(3) ...................................................... 8

Rules of Decision Act, 28 U.S.C. 1652 ............................................. 9

Joel M. Schumm, *No Names, Please: The Virtual Victimization of Children, Crime Victims, The Mentally Ill, And Others in Appellate Court Opinions,* 42 Ga. L. Rev. 471 (Winter 2008).......... 25

Wright & Miller, 5B Fed. Prac. & Proc. Civ. §1351 (Thomson Reuters 3d ed. 2020)......................................................... 22

Wright & Miller, 19 Fed. Prac. & Proc., § 4520 Application of State Law in Nondiversity Cases (Thomson Reuters 2019) ......... 9

## STATEMENT OF PRIOR AND RELATED CASES

1.  United States District Court for the District of Colorado,
    Case no. 15-CV-02847- REB-CBS

    *N.E.L. and M.M.A. v. Douglas County, Colorado, Monica Gildner, Angela Webb, Tina Abney, Lesa Adame and Carl Garza in their individual capacities*

    *   Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge, March 13, 2017, as amended March 17, 2017;
    *   Magistrate Judge's Recommendations on Pending Motions to Dismiss, January 27, 2017 *(N.E.L. I)*

2.  United States District Court for the District of Kansas
    Case No. 2:17-CV-02155-CM-JPO

    *N.E.L., M.M.A., E.M.M. v. Monica Gildner, Angela Webb, Tina Abney*

    *   Memoranda and Orders, March 1, 2018 and March 7, 2018 *(N.E.L. II)*

3.    United States Court of Appeals for the Tenth Circuit
Case No. 17-1120  (appeal from the District of Colorado)

*N.E.L and M.M.A. v. Douglas County, Colorado, Lesa Adame, Carl Garza,
Monica Gildner, Angela Webb and Tina Abney*
- Order and Judgment, 740 Fed. Appx. 920  (July 3, 2018) *(N.E.L. I)*

4.    United States Supreme Court
Case No. 18-503

*N.E.L. and M.M.A., Petitioners v. Douglas County, Colorado, Lesa Adame, in
her individual capacity, and Carl Garza, in his individual capacity,
Respondents; and N.E.L., M.M.A. and E.M.M. v. Monica Gildner, Angela Webb
and Tina Abney, in their individual capacities, Respondents*
- Certiorari denied, 139 S. Ct. 1320  (March 18, 2019) *(N.E.L. I)*

5.    United States Court of Appeals for the Tenth Circuit, Case No. 18-3059
(appeal from the Dist. of Kansas) (not selected for official publication)

*N.E.L., M.M.A., E.M.M. v. Monica Gildner, Angela Webb, Tina Abney*

- Denial of Motion for Rehearing, August 20, 2019
- Order and Judgment, June 25, 2019 *(N.E.L. II)*

6.    United States Supreme Court
Case No. 19-649

*N.E.L., M.M.A. and E.M.M. v. Monica Gildner, Angela Webb, Tina Abney*
- Certiorari denied, 589 U.S. __ (January 21, 2020) *(N.E.L. II)*

7.    United States District Court for the District of Colorado
Case no. 1:18-CV-02616-RBJ

*E.M.M., N.M.M. and G.J.M. v. Douglas County, Colorado, Lesa Adame and Carl Garza, individually*

- Order Granting Motion to Dismiss and Final Judgment, September 27, 2019

8.    United States Court of Appeals for the Tenth Circuit, Case No. 19-1391 (appeal from the Dist. of Colorado)

*E.M.M., N.M.M. and G.J.M. v. Douglas County, Colorado, Lesa Adame and Carl Garza, individually*

- Pending decision

9.    United States District Court for the District of Kansas *M.A.C. v. Monica Gildner, Angela Webb, Tina Abney*, Case No. 2:20-cv-02226-HLT-KGG

- *Sua Sponte Order of Dismissal, May 6, 2020*

### GLOSSARY

| | |
|---|---|
| Aplt. App. | Appellant's Appendix |
| Complaint or *cmpl* | Aplt. App. |
| Defendants | Monica Gildner, Angela Webb, Tina Abney |
| *Opin* | Opinion of the Kansas district court |
| Plaintiff | M.A.C. |
| Siblings | Plaintiff's older siblings, N.E.L., M.M.A., E.M.M., N.M.M. and G.J.M. |

## STATEMENT OF JURISDICTION UNDER FRAP 28(a)(4)

A.     Plaintiff contends that subject matter jurisdiction existed in the district court under 42 U.S.C. §1983 (civil rights), 28 U.S.C. §1331 (authority for civil actions), and 28 U.S.C. §1343 (redress for the deprivation of rights). Aplt. App. 2, *cmpl* ¶2, although the dispute in this appeal is whether the district court erred in dismissing the case, without warning, for a lack of an unspecified type of jurisdiction.

B.     This appeal is from an order of dismissal, May 6, 2020, Aplt. App. 41, *opin,* intended to be final and to dispose of all claims.

C.     Notice of Appeal was timely-filed on June 1, 2020. Aplt. App. 43.

D.     This Court's subject matter jurisdiction arises under 28 U.S.C. §1291. Finality of the district court's order is not affected by the fact that the district court failed to comply with the requirement of a separate document under Fed. R. Civ. P. 58(A). *See also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (per curiam) ("If the only obstacle to appellate review is the failure of the district court to set forth its judgment on a separate document, there would appear to be no point in obliging an appellant to undergo the formality of obtaining a formal judgment."); Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document …does not affect the validity of an appeal from that judgment or order."); *Constien v. U.S.* 628 F.3d 1207, 1211 (10th Cir. 2010).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**A.**   **In relying on a 1989 holding that the Federal Rules make no provision for the use of initials, the district court erred because the rules were changed in 2007.**

**B.**   **The district court erred in holding by implication that a civil action is not commenced by filing a complaint under Fed. R. Civ. P. 3.**

**C.**   **The district court erred in determining it lacked unspecified jurisdiction because subject matter jurisdiction existed for federal questions and *in personam* jurisdiction existed because Plaintiff is described in detail as a natural person with a link to the claims and she voluntarily submitted herself to jurisdiction through counsel.**

**D.**   **The district court erred in denying Plaintiff her day in court without notice where a statute of limitations arguably terminates her right to adjudicate the case on the merits.**

## STATEMENT OF THE CASE

The complaint, Aplt. App. 2, filed in the Kansas federal district court, identifies Plaintiff by her initials, M.A.C., ¶ 1, and as being an 18 year-old female, ¶ 4, residing in Colorado. ¶ 4.[1] Because the complaint also alleges details about Plaintiff, she is **not** a nonexistent, fictitious party. Specifically, Plaintiff is one of ten siblings, ¶¶ 1, 12, 14, 81, seized by defendants who, acting in concert with others, ¶¶131-132, 141-142, 145-148,153, 155-160, 163, 165, 180-185, 187, 190, 198, 202-205,  on May 6, 2009, seized her from a private home in Douglas County, Colorado. ¶ 1. The complaint's civil cover sheet relates the case to this Court's pending appeal,

---

[1]  References to paragraphs are to the numbered paragraphs in the complaint. Aplt. App. 2-36, *cmpl.*

No. 19-1391, involving the same seizure and three of Plaintiff's older siblings, E.M.M., N.M.M. and G.J.M.. In fact, the district court took judicial notice that, in prior related actions regarding the same 2009 seizure, district courts in Kansas and Colorado issued orders to proceed anonymously based on motions filed by Plaintiff's counsel in those cases. Aplt.App. 42, *opin*, n. 1.

During the time that the Kansas district court's operations were disrupted by the COVID-19 pandemic,[2] the instant complaint was filed on Sunday, May 3, 2020, without filing a prior or contemporaneous motion for permission to proceed anonymously. However, on Monday morning, May 4, 2020, counsel informed the clerk of intent to file a motion to proceed anonymously and of a difficulty with ECF in filing the case using Plaintiff's initials: "Also, **I will be filing a motion to proceed anonymously using initials**. However, in filing the case, the system made me put in a first and last name. I was hoping your office could fix that problem, too, if it's not too much trouble to remove one of the sets of initials. Thank you for all your work." (emphasis added).[3]

---

[2] Administrative order 2020-6, dated April 16, 2020, described an "ongoing national emergency with respect to the coronavirus pandemic." Earlier, Administrative order 2020-3, dated March 13, 2020, postponed "[a]ll criminal cases and non-emergency hearings or trial before any district or magistrate judge in the District of Kansas pending further order of the court."

[3] To assist the Court if requested, counsel hereby offers to provide copies of the referenced emails.

On Tuesday, May 5, 2020, counsel phoned and emailed the same clerk to report a sudden difficulty receiving emails at counsel's primary email address and also, to provide an alternative email address to receive court-filed NEFs[4].

On May 6, 2020, the clerk's office directed counsel to call the Office of Attorney Registration ("OAR"). OAR's staff person apologized for not returning counsel's call because, due to the pandemic, the court-issued cell phone had never rung.

Also on May 6, 2020, the third day after the action was commenced, the district court issued, *sua sponte,* the order of dismissal appealed here. Although dismissing the case for "lack of jurisdiction," the opinion did not specify which type of jurisdiction was supposedly lacking. On one hand, the district court implied, without holding, that it lacked jurisdiction "over the unnamed parties," which seemed to mean it lacked *in personam* jurisdiction. Aplt.  App. 41, *opin.* On the other hand, the district court cited precedent referring to a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). *Id.*

Dismissal was error because it was done without an order to show cause, notice or hearing to allow Plaintiff to show the existence of both types of jurisdiction upon commencement of the case. Summary dismissal was also error because it was

---

[4] Notices of Electronic Filing.

prejudicial to Plaintiff, whose intervening nineteenth birthday likely triggers an argument over the statute of limitations.

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing the case for either a lack of subject matter jurisdiction or *in personam* jurisdiction. Subject matter jurisdiction existed because the case involves a federal question under 42 U.S.C. §1983. *In personam* jurisdiction existed because (1) Plaintiff, through counsel, voluntarily submitted to the district court's jurisdiction by the act of filing a complaint, and also because (2) the complaint shows that Plaintiff is **not** a non-existent entity but rather a natural person, known to Defendants, who has a link to the allegations supporting her claims.

Other courts have rejected the Kansas district court's type of approach to dismissal. Moreover, the complaint's use of initials is required under Kansas law, the Federal Rules, and under a local privacy policy. Plaintiff was not in violation of any court order or local or Federal Rule. In addition, under federal decisional law in this and other circuits, the use of initials is a well-known, permitted practice in cases involving highly sensitive matters and matters involving minors.

The issues to be decided by this Court, nevertheless, do **not** include the question of whether the district court should, in the future, grant Plaintiff the right to proceed using her initials, because that issue was not argued to, nor decided by, the opinion dismissing the instant complaint. Notably, however,  Fed. R. Civ. P. 5.2

(a)(3) and its corollary in the Kansas district court's local administrative privacy policy both **require** modification, redaction or the use of initials for persons "known to be a minor." Plaintiff's four younger siblings, referred to in the complaint, are still minors. If the complaint used the names of the adult Doe family members, the minor children's identities would necessarily be made public. The 2007 Rule, the Local Privacy Rule and state law require[5] or strongly support Plaintiff's use of a pseudonym for her siblings and parents ("Doe") and the use of the initials M.A.C. for herself.

The district court's *sua sponte* dismissal was prejudicial because, on remand, Plaintiff would show that her nineteenth birthday occurred between the filing of the complaint on Sunday, May 3, 2020, and the dismissal entered three days later, on Wednesday, May 6, 2020. Dismissal triggered a likely argument that re-filing the complaint would be barred under the Kansas statute of limitations, which was otherwise tolled for one year after Plaintiff turned eighteen.

Finally, the district court erred in dismissing the complaint where a pandemic was already causing delays in court and business communications, and where counsel had promptly notified the clerk of an intent to file a motion to proceed

---

[5] The owners of the Colorado residence where the seizure occurred, although mentioned in the complaint as "Dr. and Mrs. G." are not parties to this case and their identities are not relevant to the dismissal.

anonymously along with difficulty in using initials in the ECF filing system and in receiving emails.

## ARGUMENT

**A.     In relying on a 1989 holding that the Federal Rules make no provision for the use of initials, the district court erred because the rules were changed in 2007.**

**Standard of Review**. This Court reviews *de novo* an order dismissing a case for lack of subject matter jurisdiction. *Muscogee (Creek) Nation v. Okla. Tax Comm'n,* 611 F.3d 1222 (10th Cir. 2010). Likewise, the sufficiency of a complaint is reviewed *de novo*. *Morgan v City of Rawlins*, 792 F. 2d 975, 978 (10th Cir. 1986), as is the interpretation of the federal rules. *Comacho v. Macuso* 53 F.3d 48, 51 (4th Cir. 1995); *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998).[6]

1.     **Federal Statute**. Privacy protection is specifically required by Fed. R. Civ. P. 5.2(a)(3) (the "2007 Rule") for filings containing the name of a person "known to be a minor." In the case at bar, Plaintiff's four siblings are minors. They have the same last name as Plaintiff, making it proper to use Plaintiff's initials in the

---

[6] Notably, the issues before this Court do not include whether Plaintiff should be granted leave to proceed using initials inasmuch as the district court did not decide that question and had not yet been asked to decide it. Accordingly, the abuse of discretion standard is not applicable. *See, M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) (the question on appeal is whether the district court abused its discretion in denying leave to use a pseudonym and dismissing the case as a sanction).

caption.[7] The minor siblings are not named as parties, but they are referenced in the complaint. The Official Comments to the 2007 Rule state: "The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law 107–347. Section 205(c)(3) requires the Supreme Court to prescribe rules to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically."

2.    **Federal Rules**. Insofar as the complaint in this case uses initials for Plaintiff, now an adult, the district court's error was its sweeping, all-purpose premise that the "Federal Rules make no provision for suits by persons using fictitious[8] names," Aplt. App. 41, *opin*. One reason for the district court's erroneous statement was its incorrect reliance on Fed. R. Civ. P. 10(a) and a 1989 case, *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240 (10th Cir. 1989). These were superseded by the E-Government Act and the 2007 Rule, both of which the district court overlooked. In 1989 when *National Commodity* was

---

[7] Fed. R. App. P. 3(c)(4) states: "An appeal **must not be dismissed** for informality of form or title of the notice of appeal, or for failure to name a **party whose intent** to appeal is **otherwise clear** from the notice." (Emphasis added).

[8] The district court did not define the meaning of "fictitious name." The meaning is important depending on the context, such as in this case and in the case of unintentional misnomers. *See Santiago v. E.W. Bliss Co*., 973 N.E. 2d 858 (Ill. 2012) (Holding that a cause of action is not *per se* a nullity solely because plaintiff uses a fictitious name without court approval, distinguishing among a natural person, a person who does not actually exist, an entity without legal authority to sue, misnomers, and a person attempting to defraud an opponent.).

decided, the 2007 Rule was not yet adopted. Today, however, the 2007 Rule makes the above quote from *National Commodity* incorrect in the case at bar[9] because the Federal Rules do indeed contemplate the protection of minors and privacy in certain cases. Notably, Fed. R. App. P. 25(a)(5) states that the 2007 Rule also applies in appeals in this Court. Similarly, 10th Cir. Rule 25.6 (B) states that a redacted document is preferred over filing a document under seal. In the case at bar, exhibits to the complaint were redacted.

3.    **State law**. In addition, a state statute requires confidentiality as to records from Child-In-Need-of-Care actions ("CINC"). K.S.A. §38-2209. State law applies in this case because the complaint alleges that an unconstitutional seizure stemmed from the CINC action described in the complaint. Aplt. App. 2, *cmpl*, ¶¶ 72, 74-80, 81-88, 109, 214, "Federal courts should apply state law to legal issues unless there is some definable federal interest sufficient to justify applying corresponding and possibly inconsistent rules of decision." Wright & Miller, 19 Fed. Prac. & Proc., § 4520 Application of State Law in Nondiversity Cases (Thomson Reuters 2019). "As a result, effectively, there is a presumption favoring the application of state law." *Id.*, citing Rules of Decision Act, 28 U.S.C. 1652 ("The

---

[9] This Court recently cited *National Commodity* in *United States ex rel. Little v. Triumph Gear Systems, Inc.,* 870 F.3d 1242, 1249 (10th Cir. 2017), but acknowledged that plaintiffs are permitted to proceed using a fictitious name in "certain limited circumstances." This is obviously such a case.

laws of the several states…shall be regarded as rules of decisions in civil actions in the federal courts."). Here, the existence of the 2007 Rule is not inconsistent with K.S.A. §38-2209. Decisional law and a local rule in the Kansas district court also recognize that some cases require, or strongly support, privacy protection, either by modifying information or filing the information under seal.

4.      ***Yocom.*** The district court also erred by citing a 2001 decision, *W.N.J. v. Yocom*, 257 F. 3d 1171, 1172 (10th Cir. 2001). Aplt. App. 41, *opin*. The source of authority in *Yocom* was *National Commodity* in holding that this Court had no appellate jurisdiction where, ostensibly, without the district court's **prior permission** to proceed anonymously, the district court lacked "jurisdiction." Neither *National Commodity* nor *Yocom* clearly differentiated between *in personam* and subject matter jurisdiction. For either type of jurisdiction, however, *Yocom* does not apply. Decided in 2001, prior to the E-Government Act and the 2007 Rule, *Yocom* simply relied on *National Commodity.* 257 F.3d at 1172. Importantly, *Yocom's* analysis, stemming from *National Commodity*, is viewed negatively by courts[10] outside this Circuit.[11] For example:

---

[10] *But see Capers v. Nat'l R.R. Passenger Corp.*, 673 Fed. Appx. 591, 596 (8th Cir. 2016) (unpublished) (applying state law but citing *National Commodity* in holding that no action was "commenced.")

[11] In *Triumph, supra*, n.8, this Court relied on *Yocom* and *National Commodity* to hold that a complaint referring generally to two John Doe plaintiffs did not commence an action "with respect to them." 870 F.3d 1242, 1250. *Triumph* did not involve minors or sexual abuse, nor specific factual allegations of harm to

a.      In *A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 Fed. Appx. 668 (11th Cir. 2018)(not selected for publication), defendants contended that no action was "commenced" unless and until the district court had granted approval to proceed anonymously, that any pleading filed prior to such approval was a "nullity and thus, *void ab initio*," and "incapable of amendment." *Id.* at 670. The court in *A.W.* rejected the argument, stating: "We cannot agree with this approach. After all, courts may authorize amendment of a complaint under Rule 15 **even in the absence of jurisdiction**." *Id.* at 672 (citations omitted) (emphasis added). It further stated:

> [Defendants'] proposed rule is difficult if not impossible to reconcile with our precedent in this area, which allows parties to proceed anonymously and describes Rule 10(a)'s disclosure requirement as a 'procedural custom' that 'is not absolute' and is grounded in the 'public's legitimate interest in knowing all of the facts involved,' not something more fundamental. [citations omitted]. For these reasons, though we can think of others, we reject the appellants' assertion that A.W. could not amend her complaint or that the court was prohibited from basing its remand decision on the amended complaint.

> *Id.*

The court in *A.W.* further stated: "Even if we adopted the Tenth Circuit's view that federal courts lack jurisdiction over unnamed parties absent court approval to proceed anonymously – though, to be clear, we do not decide that jurisdictional

---

plaintiffs, nor dismissal on the third day after filing the action where counsel had stated an intent to file a motion for leave to proceed using initials.

question – it does not logically follow that A.W.'s complaint was a nullity that could not be amended. And the Tenth Circuit has never held as much." *Id.* at 673, n. 4.

b.      In *Weissenbach v. Tuscaloosa Cty. Sch. Sys.*, 2018 WL 9986741 (N.D. Ala., June 5, 2018), defendants moved to dismiss because only the last name of the plaintiff was listed in the complaint's caption. At the same time, Plaintiff moved for leave to correct the caption, as she had no intent to proceed anonymously. *Id.* at *2. Like the situation in the case at bar in which Defendants already know Plaintiff's identity, in *A.W.*, the defendants' motion and attachments showed that they already knew her full name. *Id.* But they relied on a case that relied on *Yocom*, namely *Estate of Rodriquez v. Drummond Co.*, 256 F. Supp. 2d 1250 (N.D. Ala. 2003). The *A.W.*court stated: "*Rodriquez* based its jurisdiction characterization of the use of fictitious-party pleading without leave to proceed on [*Yocom*]." The court in *Weissenbach* distinguished *Yocom's* procedural facts and noted: "Absent indication from Congress, there appears to be no reason why Weissenbach cannot amend her Complaint to correct this issue. The non-binding **Tenth Circuit authority** relied upon by Defendants does not prohibit such a reasonable fix…When the real party in interest is not properly named, 'Rule 17(a)(3) requires the court to provide an opportunity to substitute in the correct party **before the court dismisses the case**, provided that the substitution is made within a reasonable time after objection.'" *Id.* *4 (emphasis added).

c.    In *Doe v. UNUM Life Ins. Co. of Am.,* 164 F. Supp. 3d 1140 (N.D. Calif., Feb. 22, 2016), defendants sought dismissal for plaintiff's failure to identify himself. "Defendants argue that because Doe initiated his lawsuit anonymously without prior leave of court, the complaint should be dismissed under Rule 10(a)." *Id*. at 1143. "Defendants rely primarily on the Tenth Circuit's holding in [*Yocom*] and [*National Commodity*]." *Id.* at 1143-44. The court in *UNUM Life* rejected these holdings, stating: "I will not follow the Tenth Circuit's decision in *Yocom*. '[D]istrict courts within the Ninth Circuit have concluded that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, **even if** that motion is filed after the defendant filed a motion to dismiss.' *Id*. at 1144 (citations omitted) (emphasis added). "Courts have reasoned that … 'as the initial complaint is a matter of public record, and once a plaintiff has opened a file number in federal court using his or her real name, any **attempt to proceed under a pseudonym would be pointless**." *Id.* (citations omitted) (emphasis added). Likewise, here, filing a complaint disclosing Plaintiff's family name to the press and public would make it pointless to later seek anonymity.

d.    In *G.E.G. v. Shinseki*, 2012 WL 381589 (W.D. Mich., Feb. 6, 2012), the complaint, using initials for the plaintiff, contained a request to proceed using a pseudonym, but a separate motion had not been filed. *Id.* at *1.   Defendant  moved to dismiss for lack of a separate motion, citing an unpublished Sixth Circuit opinion

that relied on *National Commodity*. *Id.* at \*3. The court in *G.E.G.* stated: "Plaintiff **validly points out** that if a court can fully consider a case in which the plaintiff proceeds under a pseudonym, it raises a question whether a person's name is truly required to confer jurisdiction [initially]." *Id*. (emphasis added). The court also acknowledged that, even though in some cases a complaint that fails to divulge the plaintiff's identity is ineffective to commence an action, *id*. at \*3, the case at hand was different because the defendant knew the plaintiff:

> Here, **Defendant is fully aware of Plaintiff's identity and the underlying facts of this case,** which are set forth in the Complaint, including the specific factual allegations supporting Plaintiff's discrimination claim, as well as the **case numbers and details** of the EEO complaint. Although Plaintiff did not file a motion to proceed pseudonymously, **he did recognize the need for**, and requested, the Court's permission to so proceed in the first paragraph of his Complaint, which stated: 'Plaintiff G.E.G. resides in Lexington, Kentucky and seeks to proceed under a pseudonym due to the private nature of his disabilities. (Emphasis added).

    e.    In *Doe v. Barrow County, Ga.,* 219 F.R.D. 189 (N.D. Ga. 2003), the court rejected *Yocom's* statement that "no action had been commenced," as adopted in *Estate of Rodriquez, supra*. The *Barrow* court stated: "This court respectfully disagrees with the *Rodriquez's* court's conclusion and specifically with the reliance placed on *Yocom.*" 219 F.R.D. at 192. The *Barrow* court further stated: "There is support from within the Eleventh Circuit for the proposition that a motion to proceed anonymously **need not** be filed contemporaneously with the complaint in order to vest the district court with jurisdiction." *Id.* at 192 (emphasis

added), *citing Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678 (11th Cir. 2001). The court in *Barrow* also pointed out that under Fed. R.Civ. P. 17(a), the failure to bring an action "in the name of the real party in interest does not immediately and automatically divest a district court of jurisdiction." 219 F.R.D. at 192, *citing E.W. v. New York Blood Ctr.*, 213 F.R.D. 108, 109 (E.D.N.Y. 2003). Finally, the court in *Barrow* granted plaintiff's motion to proceed in part because "the inconvenience to defendant should be relatively low." 219 F.R.D. at194. Likewise, in the case at bar, inconvenience to these Defendants will be low because they are already accustomed to the confidentiality requirements of CINC proceedings under state law and they have not objected in the older siblings' cases to proceed using initials for the plaintiffs.

5.    In the case at bar, the named defendants (not yet served) are well aware of Plaintiff's identity and of the underlying facts alleged in the complaint, including the case number of the underlying CINC action, because Defendants had themselves initiated its filing and the disputed seizure in Colorado. Likewise, Plaintiff's counsel, in an email to the clerk two days before the dismissal in the instant case, stated an intent to file a motion for permission to use initials. Moreover, the district court recognized previous orders granting permission to proceed using initials in actions by Plaintiff's siblings involving the same seizure. Aplt. App. 42, n.1, *opin*.

6.    Plaintiff contends that the use of her initials in the caption of the complaint and the use of the pseudonym "Doe" for her siblings and parents were necessary in complying with the several layers of statutes and rules protecting minors, as well in protecting herself in light of the highly sensitive underlying facts involving sexual abuse. In dismissing this case, the district court overlooked the fact that all court personnel and attorneys logging-in to PACER are required to check a box indicating that they have read, understand and **will comply** with the following notice:

> IMPORTANT NOTICE OF REDACTION RESPONSIBILITY: All filers **must** redact: Social Security or taxpayer-identification numbers; dates of birth; **names of minor children**; financial account numbers; and, in criminal cases, home addresses, in compliance with **Fed.R.Civ.P. 5.2** or Fed.R.Crim.P. 49.1. This requirement applies to all documents, including attachments. (emphasis added).

7.    The district court also overlooked its own Administrative Procedure manual, Sec. II, Para. I, p. 18 (rev'd 10/01/2018)[12] (the "Local Privacy Policy"). Although the policy does not speak specifically to this situation involving an adult sibling's action requiring the protection of minor siblings, it does provide that "litigants **shall modify** or partially redact" personal data identifiers in "documents filed with the court" and use "minors' initials":

> PRIVACY.  In accordance with Fed. R. Civ. P. 5.2 and  to address the privacy concerns created by Internet access to court documents,

---

[12] www.ksd.uscourts.gov/wp-content/uploads/2018/11/CvAdmin-Proc-10-1-18.docx

> litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court…2. Minors' names: Use the minors' initials.

8.     Plaintiff complied with the federal and state statutes, rules and policies intended to protect the identities of minors. Importantly, the Local Privacy Policy, above, by **not** requiring prior court permission to use initials or even a motion contemporaneous with filing a complaint, necessarily **permits** litigants to file a **complaint first**, and then file a **later** motion to modify or partially redact confidential information. The district court's strict holding, based on the 1989 *National Commodity* opinion, is thus in opposition to its own current Local Privacy Policy.

9.     Moreover, the Local Privacy Policy imposes no deadline for obtaining court permission to modify or partially redact "other **confidential information,**" a category that is not limited to the examples of such information listed in the policy. The Local Privacy Policy states:

> In addition, parties **may** modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

10.     The Local Privacy Policy also allows, **but does not mandate**, that a party "may file" a document with **confidential** information "under seal."

17

Consistent with the E-Government Act of 2002, Pub. L. 107-347 (December 17, 2002), a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal.

**B.    The district court erred in holding that, by implication, a civil action is not commenced by filing a complaint under Fed. R. Civ. P. 3.**

1.    The Federal Rules expressly state that an action is "commenced" by the filing of a complaint. Fed. R. Civ. P. 3 ("Rule 3"). Moreover, a party becomes a defendant, not when he is served, but when a complaint naming him is filed. *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215 (7th Cir. 1997). In contrast, the district court incorrectly implied that Rule 3 does not control here, stating: "If a party does not have permission [to use initials], a federal court **lacks jurisdiction** over the unnamed parties (emphasis added)," Aplt. App. 41, *opin, citing Yocom* and *National Commodity* for the  proposition that only a court order  would "commence" this case. 257 F.3d 1171. This suggestion contradicts Rule 3. *See e.g., Robinson v. Unknown Officers,* 2007 WL 3072382 (M.D. Fla. 2007) (the  filing of a **motion** to be appointed an attorney **did not commence** the action under Rule 3); *Wood v. Holinka,* 2005 WL 1331003 (D. Minn. 2005) (a **motion** for preliminary injunction does not substitute for filing of a complaint).

2.    In the case at bar, another source of the district court's error was an unpublished opinion in *L.E.H v. Kansas Dep't of Child'n and Fam., 2018 WL*

18

*1256513* (D. Kan. Mar. 12, 2018), arising from the plaintiff's use of initials in the complaint's caption. The court in *L.E.H.* made the sweeping statement that "federal courts lack jurisdiction over the unnamed parties, as a case has not been **commenced** with respect to them." *Id.* (emphasis added), *citing National Commodity,* 886 F.2d at 1245. Relying on *L.E.H.,* the district court stated, "And because this issue [of Plaintiff's initials in the caption] is **jurisdictional, a court may raise it** *sua sponte* (emphasis added)." Aplt. App. 41, *opin*, *citing National Commodity*, 886 F.2d at 1245 n. 3. However, the district court erred in these few sentences, not only as to Fed. R. Civ. P. 3, but also as to the difference between *in personam* jurisdiction and subject matter jurisdiction, discussed *infra.*

3.    *L.E.H.*, decided in 2018, incorrectly perpetuated the 1989 statements from *National Commodity* that are superseded by the E-Government Act, the 2007 Rule and the current Local Privacy Policy, discussed *supra.* Moreover, unlike in the case at bar, the complaint in *L.E.H* was not dismissed at all. Rather, the adult plaintiff's motion to proceed using a pseudonym was denied based on a finding that she had not shown that her father's physical abuse of her as a minor was "particularly scandalous" or that publicizing her identity would be "particularly troubling or damaging" to her. *Id.* at *2. Instead of dismissing the case for lack of jurisdiction, the *L.E.H.* court permitted the plaintiff to amend her complaint, stating: "Because the Tenth Circuit case law indicates the failure to proceed in plaintiff's true name, **if**

**not cured**, is a jurisdiction defect, the court will grant plaintiff leave" to file an amended complaint. *Id.* at \*2.  *L.E.H*., as an unpublished decision, was not binding on the district court. Factually, even if it had been a binding opinion, *L.E.H.* is distinguishable because the complaint in *L.E.H.* was not dismissed, as Plaintiff's was dismissed here, and did not involve minors or sexual abuse. Legally, *L.E.H.* did not discuss the changes in the federal and local rules subsequent to *Yocom* and *National Commodity*. And finally, the type of jurisdiction relied upon in *L.E.H.* was not differentiated, but the fact that it could be "cured" by a new caption in an amended complaint, indicates that the opinion did not support the *sua sponte* dismissal here.

  a. In the case at bar, the district court mistook the difference between *in personam* jurisdiction and subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action." (emphasis added). Here, the district incorrectly cited *National Commodity,* footnote 3, as authority to *sua sponte* dismiss the complaint as if the court were required to do so under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. On the contrary, the district court specifically referred to a lack of jurisdiction "over the unnamed parties," i.e., *in personam* jurisdiction. The district court was not required to dismiss the case because it had subject matter jurisdiction based on a federal question under 42 U.S.C. §1983.

Moreover, it had *in personam* jurisdiction because Plaintiff consented to it by filing the complaint through counsel and by being known to Defendants.

b.    In addition, the district court's main precedent, *National Commodity* itself, footnote 3, relied on precedent involving **subject matter** jurisdiction, not *in personam* jurisdiction. *See* 886 F.2d at 1245, n.3, *citing Tuck v. United Servs. Auto. Assn'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("The Federal Rules of Civil Procedures direct that '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of **the subject matter**, the court **shall** dismiss the action.' Fed.R.Civ.P. 12(h)(3) (emphasis added)"). *Tuck* did not involve a complaint using initials. It involved a possible lack of complete diversity for purposes of **subject matter** jurisdiction. Accordingly, neither *Tuck* nor *National Commodity* refutes the fact that the case at bar was "commenced" upon the filing of the complaint, in accord with Fed. R. Civ. P. 3, nor the fact that the district court was vested with subject matter jurisdiction for a federal question arising under 42 U.S.C. §1983.

c.    As to subject matter jurisdiction in the federal courts, a district court is required to entertain a complaint seeking recovery under the Constitution or the laws of the United States unless the alleged federal claim "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946). "Jurisdiction is the authority to decide a case either way." *Fair v. Kohler*

21

*Die & Specialty Co.*, 228 U.S. 22, 25 (1913). As to the federal claims in the case at bar, they are not "wholly insubstantial and frivolous," meaning subject matter jurisdiction was not lost due to Plaintiff's use of her initials in the caption. A plaintiff with an arguable claim is ordinarily entitled to notice of a motion to dismiss and an opportunity to amend the complaint. *Neitzke v. Williams*, 490 U.S. 319 (1989).

**C.    The district erred in determining it lacked *in personam* jurisdiction because Plaintiff is described in detail as a natural person with a link to the claims and she voluntarily submitted herself to jurisdiction through counsel.**

1.    The difference is important between the two types of jurisdiction: challenges to *in personam* jurisdiction can be waived by express or implied consent, but challenges to subject matter jurisdiction can never be waived. Wright & Miller, 5B Fed. Prac. & Proc. Civ. §1351 (Thomson Reuters 3d ed. 2020). It stands to reason that a natural person who files a complaint in federal court through counsel has consented to the court's personal jurisdiction over her. *See Feldman Inv. Co. v. Connecticut General Life Ins.*, 78 F.2d 838, 840 (10th Cir. 1935) (holding that a district court relies on a legal presumption that an attorney has authority to represent the person for whom he appears); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("[A] party may insist that the [personal jurisdiction] limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority.")

2.      Where a complaint identifies individual plaintiffs merely as members and subscribers of an organization, but contains no names of the individuals, no specific dates of the events, no description of the particular property seized, no other identification of the persons targeted by defendants, and involves only the plaintiffs' economic or professional concerns, dismissal is proper. 886 F.2d at1245. This court stated in *National Commodity*: "Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts **lack jurisdiction** over unnamed parties, as a case has not been commenced **with respect to them**." 886 F. 2d at1245 (emphasis added), *citing Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. 1981) and *Doe v. United States Dept. of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982). Notably, however, neither *National Commodity*, nor its cited authorities hold that courts lack jurisdiction in cases where a complaint is filed using initials in circumstances such as this case involves.

a.      However, in *Steagall*, cited by this Court in *National Commodity*, the Fifth Circuit **reversed** a ruling that the district court lacked jurisdiction, stating: "[T]he district court's determination that it lacked jurisdiction to issue a protective order cannot stand." 653 F.2d at 186 ("We conclude that the almost universal practice of disclosure must give way in this case due to the privacy interests at stake.")

b.    In *National Commodity*, the "members" and "subscribers" of the named plaintiff sought anonymity for protection of their "first amendment freedom of association," 886 F.2d at 1245, not, as here, for protection of highly sensitive and personal information involving the sexual abuse of minors. Furthermore, the plaintiffs in *National Commodity* were **not** already known to defendants, whereas this Plaintiff is well-known to these defendants. The dismissal in *National Commodity* was not *sua sponte* on the third day after suit had been filed, but rather, it was after service of process and a motion by defendants to dismiss under Fed.R.Civ. P. 12(b)(6). Importantly, in the case at bar, because the court stated it lacked jurisdiction "over unnamed parties," it was describing *in personam* jurisdiction, not subject matter jurisdiction, and dismissal was not required under Fed. R. Civ. P. 12(h)(3).

c.    In contrast to the lack of identifying information of the plaintiffs in *National Commodity*, the instant complaint has a first paragraph clearly describing Plaintiff's link to the claims, stating: "Plaintiff's claims arise under 42 U.S.C. § 1983 from a series of acts leading up to May 6, 2009, at a time when she was a minor child, and was unconstitutionally seized in Douglas County, Colorado, at a private home and wrongfully detained for five days in Kansas." Aplt. App. 2, *cmpl* ¶ 1. The complaint copiously alleges further details of the seizure and the basis for privacy protection.

24

d.      In addition to the 2007 Rule, the state statute, and the Local Privacy

Policy, the general policy that requires the use of an adult's legal name is subject to

privacy interests as were recently explained by former Chief Judge Krieger in *Roe*

*v. Minguela*, 16-cv-02744-MSK-KMT (D. Colo. Aug. 30, 2018): "For example,

"fictitious names are allowed when necessary to protect the **privacy of children,**

**rape victims, and other particularly vulnerable parties or witnesses**." *Minguela*

(emphasis added), *citing Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d

869, 872 (7th Cir. 1997). "In deciding whether to allow a party to proceed under a

pseudonym, a court weighs that party's interest in privacy against the public's interest

in knowing the party's identity." *Minguela*, *citing Coe v. U.S. Dist. Ct.*, 676 F.2d

411, 418 (10th Cir. 1982).  The instant case involves a wrongful seizure arising from

a privacy-protected CINC action in state court. The CINC action stemmed from

alleged sexual abuse against minors by a distant relative, occurring three years

before the wrongful seizure.[13] In *Minguela,* Chief Judge Krieger wrote:

> Victims of rape and other forms or sexual assault are often stigmatized in a
> manner that affects their educational, employment, and social prospects. See
> Paul Marcus & Tara L. McMahon, Limiting Disclosure in Rape Victims'
> Identities, 64 S. Cal. L. Rev. 1020, 1030-36 (1991). The Court has previously
> denied that portion of the Roes' motion that sought to seal the entirety of this
> action from public view (# 99), ensuring that the public is fully apprised of
> the nature of the allegations herein, but the Court finds that the Roes' interests,
> as victims of sexual assault, have shown good cause to proceed under

---

[13] *See generally*, Joel M. Schumm, *No Names, Please: The Virtual Victimization of*
*Children, Crime Victims, The Mentally Ill, And Others in Appellate Court*
*Opinions,* 42 Ga. L. Rev. 471 (Winter 2008).

pseudonyms here. Those privacy interests outweigh the public's interests in identifying the Roes by name. Accordingly, the Roes may continue to pursue this action under their pseudonyms.

e.        Accordingly, even though Plaintiff is no longer a minor, the series of other factors in this case require or strongly support the use of her initials, including the fact that the case involves her four minor siblings, together with highly sensitive facts, the Kansas state statute's confidentiality requirement for CINC information, the 2007 Rule, and the Local Privacy Policy. *See Roe v. Borup*, 500 F. Supp. 127, 129 (E.D. Wis. 1980) (Rejecting "so drastic a remedy as dismissal," where defendants had not shown prejudice by a complaint using a pseudonym, although defendants argued that no action was "commenced" and that district court lacked subject matter jurisdiction.)

f.        Finally, assuming *arguendo* that the facts in the complaint did not adequately identify Plaintiff, and assuming, hypothetically, that Plaintiff never filed a motion to proceed using initials, Fed. R. Civ. P. 26(c) protects defendants by requiring parties to exchange initial disclosures within 14 days after a Rule 26(f) conference. At that point, if defendants could still not ascertain Plaintiff's identity, they could arguably file a motion to dismiss for lack of standing, rather than lack of jurisdiction. In the case at bar, the district court erred, however, in hastily and prejudicially dismissing the complaint, during the 2020 pandemic, without warning, without any violation of a local or federal rule or a court order, and without a failure

to prosecute, particularly where counsel indicated an intent to seek permission to proceed using initials.

3.     *Sua sponte* dismissal without notice or opportunity to be heard "is disfavored in federal practice and will rarely be upheld." *Gonzalez-Gonzalez v. United States*, 257 F.3d  31, 36-37 (1st Cir. 2001). "[S]ua sponte dismissals without prior notice or opportunity to be heard are hazardous…[U]nless the defect is clearly incurable, a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction." *Smilde v. Herman*, 201 F.3d 449 (10th Cir. 1999) (unpublished, vacating order of dismissal), *citing Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992) (affirming a *sua sponte* dismissal due to an incurable defect in the complaint). In the case at bar, the complaint did not contain an incurable defect. Moreover, counsel promptly reported a problem in receiving NEF transmissions and expressed an intent to seek leave to proceed using initials.

4.     In *Smilde*, this Court stated: "In weighing the advisability of a sua sponte dismissal based on the complaint alone, however, the court must keep in mind that a plaintiff with an arguable claim is **ordinarily accorded notice of a pending dismissal to alert him to the legal theory underlying [a] challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds…so as to conform to the requirements** of a valid legal cause of action.

This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case.'" *Id.* (emphasis added), *citing Neitzke,* 490 U.S. at 329-30.

5.     This court has held that *sua sponte* dismissal under Rule 12(b)(6) is only proper when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him the opportunity to amend his complaint would be futile." *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). In the instant case, Plaintiff should have been afforded the opportunity to "meaningfully respond" to the district court's concerns about jurisdiction prior to dismissal.

**D.     The district court erred in denying Plaintiff her day in court without notice where a statute of limitations arguably terminates her right to adjudicate the case on the merits.**

1.     Where the result of a *sua sponte* dismissal for failure to prosecute results in a bar to litigating the case on its merits because the time for refiling the action has expired, a district court abuses the discretion it otherwise had to order sanctions. *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972). Notably, the case at bar was not dismissed as a sanction and is reviewed *de novo* rather than for abuse of discretion. In *Pond*, counsel failed to comply with pre-trial deadlines through inadvertence. As a sanction, the district court dismissed the case *sua sponte*, albeit without prejudice. However, the effect of the dismissal was *de facto*

prejudicial to the plaintiff because the time for refiling the case expired prior to the dismissal. The Fifth Circuit in *Pond* reversed the district court's *sua sponte* dismissal, finding no record of plaintiff's delay, no contumacious conduct, and no extreme circumstances to support such a drastic sanction as a dismissal that in fact terminated the litigation. *Id.* at 348.

2.    In the case at bar, Plaintiff would show[14] on remand that her nineteenth birthday intervened between the date the complaint was filed on May 3, 2020, and the date the dismissal was entered on May 6, 2020. Aplt. App. 42, *opin*. Dismissal here was *de facto* prejudicial because it has created an argument that Plaintiff's time to refile this suit expired at the end of her nineteenth birthday, i.e., one year after she turned 18 under K.S.A. §60-513(a). *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014) (New Mexico's tolling statute for minors permits suits up to age 19 for §1983 claims). State law and tolling provisions apply to §1983 claims. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). For adults, the statute of limitations in Kansas is two years, under K.S.A. §60-513(a). *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991); *Baker v. Board of Regents*, 991 F.2d 628 (10th Cir. 1993). But for minors, a tolling statute gives a grace

---

[14] Under 10th Cir. R. 46.5(B)(1), counsel's signature here "certifies that, to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances…. the paper is not being presented for any improper purpose…."

period of one year until a child turns nineteen. *See Shirley v. Reif*, 620 P.2d 405 (Kan. 1996).[15]

      3.     "In the Civil Rights Acts, Congress established causes of action arising out of rights and duties under the Constitution and federal statutes. These causes of action exist independent of any other legal or administrative relief that may be available as a matter of federal or state law." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984). In the case at bar, the district court's hasty, *sua sponte* dismissal deprived Plaintiff of notice and opportunity to be heard. "When a court dismisses a complaint '*sua sponte*,' it [i]s required to give [the plaintiff] notice of its intent to do so and an opportunity to respond." *Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018) (upholding dismissal on different grounds):

> A failure to follow these steps deprives the litigant of his day in court, denies the judge the benefit of the litigant's analysis, and 'tend[s] to transform the district court into 'a proponent rather than an independent entity.'(citations omitted).

---

[15] In *Shirley*, the Kansas Supreme Court did not reach an argument against a statutory provision of "repose." 620 P.2d at 414. In contrast, the Eleventh Circuit, after a lengthy analysis, rejected a defense argument that a state's common law doctrine of repose cuts off claims under 42 U.S.C. §§1981 and 1982, stating, "there was no reason to suppose that Congress intended this sort of state rule to be borrowed and applied to the federal civil rights statutes under §1988." *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1216 (11th Cir. 2001). *But see Cosgrove v. Kan. Dept. of Soc. & Rehab. Servs.*, 162 Fed. Appx. 823, 825-26, n. 2 (10th Cir. 2014) (unpublished), not followed on other grounds, *Varnell, supra.*

*Id.; compare Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (rejecting a due

process claim where the district court dismissed a meritless claim *sua sponte* and

refiling would have been futile).

      4.     In the case at bar, the district court erred because, as this Court has also

stated, "a plaintiff with an arguable claim is ordinarily accorded notice of a pending

dismissal to alert him to the legal theory underlying [a] challenge, and enable him

meaningfully to respond by opposing the motion to dismiss on legal grounds…"

*Smilde,* 201 F.3d 449 (emphasis added). The district court also erred because *sua*

*sponte* dismissals can lead to a waste of judicial resources, as was carefully explained

in *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1186 (7th Cir. 1989):

> Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often **leads to a shuttling of the lawsuit between the district and appellate courts**. The undesirable consequences of premature dismissal are amply illustrated by the awkward posture this case presents on appeal. [Appellant], having had his action dismissed for failure to state a claim, asks us to rule on the sufficiency of his complaint. The state of New York and the other **defendants**, however, refuse to defend the propriety of [the judge's] order. They have **never been made parties to the action, and decline to waive their right to service**. Accordingly, they have not briefed the question of the sufficiency of the [appellant's] complaint. We are confronted, therefore, with a controversy where the defendants refuse to participate because they are not parties, and to resolve it at this stage and under these circumstances would be unnecessary and wasteful. (citations omitted) (emphasis added).

## CONCLUSION

WHEREFORE, Plaintiff prays that the Court will reverse and remand this case with instruction to the district court to permit Plaintiff no less than 14 days in which to file a motion for leave to proceed using Plaintiff's initials and for such other relief as allowed by law and the Federal Rules of Civil Procedure.

Dated: July 15, 2020                    Respectfully submitted,

MESSALL LAW FIRM, LLC
s/ Rebecca R. Messall
Rebecca R. Messall, KS Bar no. 20305
7887 E. Belleview Avenue, Suite 1100
Englewood, CO  80111
Phone 303.228.1685
Fax 303.228.2281
Email: rm@lawmessall.com
www.lawmessall.com

Attorney for M.A.C.
Appellant

## STATEMENT OF ORAL ARGUMENT

Plaintiff seeks oral argument on the ramifications of Plaintiff's nineteenth birthday together with the ramifications of the 2007 Rule, the CINC statute and the Local Privacy Policy on the Tenth Circuit's 1989 holding in *National Commodity* and 2001 holding in *Yocom*, as were relied upon by the district court.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1. This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this document contains 8,135 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Tenth Cir. R. 32(B):

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 using 14-point font size in Times New Roman.

Date: July 15, 2020             <u>s/ Rebecca R. Messall</u>
                                Rebecca R. Messall

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

1.      All required privacy redactions have been made per 10th Cir. R. 25.5;

2.      If required to file additional hard copies, that the ECF submission is an exact copy of those documents;

3.      The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Webroot Secure Anywhere, version 9.0.26.61, most recently updated on July 15, 2020, and according to the program are free of viruses.


Date: July 15, 2020                              s/ Rebecca R. Messall
                                                 Rebecca R. Messall

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:   Not applicable due to the fact that opposing counsel had not entered an appearance in the district court prior to dismissal.

However, I hereby certify that on July 15, 2020, pursuant to 10th Cir. R. 46.1 (D)(4), I emailed a courtesy copy of the foregoing to Defendants' counsel in a prior action:

Toby.Crouse@ag.ks.gov; Bryan.Clark@ag.ks.gov; Dwight.Carswell@ag.ks.gov.

Date: July 15, 2020                                    s/ Rebecca R. Messall
                                                       Rebecca R. Messall